IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ohio and Vicinity Regional Council                          Case No. 3:10CV2126
    of Carpenters, *et al*.,

                Plaintiff

        v.                                                  ORDER

Greg Construction Company,

                Defendant

Plaintiff Ohio and Vicinity Regional Council of Carpenters (Council) is an "intermediate labor organization" representing, *inter alia*, union carpenters. Defendant Greg Construction (Greg), a Michigan corporation, is a general contractor for projects in the Midwest and elsewhere nationally.

In 2004, a dispute arose between the Council and Greg. Arbitration resulted in an award in favor of the Council and against Greg. An appeal to this court followed. After denial of counter-motions for summary judgment, the parties entered into a Settlement Agreement (Agreement).

The Agreement required Greg to pay the Council the difference between $135,000 and the wages Greg paid "in accordance with the terms of the collective bargaining agreement" to "members of the Northwest Region of the Plaintiff" during the ensuing four years. [Doc. 12, Exh. E, ¶ 2].

In addition, the Agreement required Greg to give notice to the Council's Northwest Regional Director not later than one week before starting any project within counties in Northwest Ohio specified in the applicable collective bargaining agreement. [Doc. 12, Exh. E, ¶ 4].[1]

Since signing the settlement agreement, Greg has paid $258,182 and $133,592 in benefits (including union dues deducted from members' paychecks). But the members to whom Greg paid those wages and on whose behalf it made benefit contributions did not work in Northwest Ohio.

The Council brings this suit for the $135,000 denominated in the Agreement. According to it, Greg is entitled to credit against the $135,000 only for wages it pays to members for work done in Northwest Ohio. This is so, the Council contends, because any work Greg does and wages it pays must, to be credited against the $135,000, must be "in accordance with the terms of the collective bargaining agreements then in effect." [Doc. 12, Exh. E, ¶ 2].

Pending are counter-motions for summary judgment. [Docs. 12, 13]. For the reasons that follow, I grant Greg's motion and deny the Council's motion.

The collective bargaining agreement "then in effect" included a map of Northwest Ohio indicating which local unions in each county the collective bargaining agreement covered. [Doc. 12, Exh B, at 21]. The map also designated the page of the collective bargaining agreement where "wage rates and working conditions in [each of the] Local areas." [*Id.*].

The collective bargaining agreement undoubtedly encompasses work done by members of the locals designated in the map. The parties probably anticipated that the work would be done within the territorial jurisdiction of each local.

---

[1] The Northwest Ohio Region includes several different union locals.

But, contrary to the Council's contention, nothing in the collective bargaining agreement expressly limits the workers or work to Northwest Ohio.

Likewise, the Agreement at issue here contains no express geographic limitation. It simply refers to wages paid "in accordance the terms of the collective bargaining agreement" to "members of the Northwest Region of the Plaintiff." The Agreement does not state that Greg gets credit against the $135,000 for wages paid "in accordance the terms of the collective bargaining agreement" to "members of the Northwest Region of the Plaintiff" only **"for work done within the territorial jurisdictions of the individual member's local,"** or **"for work done within the Northwest Ohio Region."**

I conclude, therefore, that the phrase in the Agreement "in accordance the terms of the collective bargaining agreement" to "members of the Northwest Region of the Plaintiff" does not have the expansive meaning which the Council seeks to derive.

Instead, the "in accordance with" language refers to the wages, hours and working conditions to which the parties to the collective bargaining agreement agreed.[2]

This makes sense. Those members willing to go and work elsewhere got that for which they paid their dues – work covered by, and paid at the rate promised in the collective bargaining agreement. More importantly, they got a paycheck – which they would not have received, had they remained in Northwest Ohio.

According to the logic of the Council's claim, Greg, when it won a job outside Northwest Ohio, could have turned its back on the members whom the Council represents and hired others to

---

[2] The Council does not claim that Greg violated either the Agreement or the collective bargaining agreement in any other way.

3

work on those projects. It might (or might not) have been worth Greg's while to hire non-union labor, paying low wages and no benefits, and to have forfeited the $130,000 under the Agreement.

Instead, Greg hired five union members and paid them wages and fringe benefits pursuant to the collective bargaining agreement.

The Council claims that the members Greg employed were supervisors, and thus not within the collective bargaining agreement. There is no merit to this contention:  the collective bargaining agreement expressly covers supervisors. [Doc. 12, Exh. B, ¶ 15].

The Council also complains that Greg did not give it notice that it was beginning the work. The Agreement only required such notice where the work was to occur within a county in Northwest Ohio. [*See* Doc. 12, Exh. E, ¶ 4]. That not being the case, the Agreement required no notice..

The Council has pointed to no injury that it or its members have suffered from Greg's actions. It has not shown how Greg's conduct undermines the purposes of the collective bargaining agreement or the Council's ability to negotiate effectively on behalf of its members.

It is, therefore:

ORDERED THAT:

1.      The motion of the plaintiff Ohio and Vicinity Regional Council of Carpenters for summary judgment (Doc. 12) be, and the same hereby is denied; and

2.      The motion of Greg Construction Company (Doc. 13) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge